RECEIVED
IN ALEXANDRIA, LA

SEP 14 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RICHARD FLUKER, JR.** | DOCKET NO. 10-CV-590; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **CORRECTIONS CORPORATION OF AMERICA, ET AL.** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Richard Fluker, Jr., filed pro se and *in forma pauperis* on April 12, 2010. On June 29, 2010, Plaintiff was ordered to amend his complaint to provide additional and more specific information regarding his claim. [Doc. #4] To date, Plaintiff has failed to comply with the Court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to respond

to a court order to amend his complaint.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 14th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE